IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

[1] ELIEZER MATEO-BERMUDEZ,
[2] JOSE ARNALDO NEGRON-ORTIZ

    Defendants.

CRIM. NO. 15-059 (JAG)

MEMORANDUM & ORDER

GARCIA-GREGORY, D.J.

Pending before the Court are Motions to Suppress filed by Defendants Eliezer Mateo-Bermúdez ("Mateo-Bermúdez"), Docket No. 73, and José Arnaldo Negrón-Ortiz ("Negrón-Ortiz"), Docket No. 72. The Government timely opposed, Docket No. 83, and the Court subsequently referred Defendants' Motions to Magistrate Judge Silvia Carreño-Coll, Docket No. 85. The Magistrate Judge held a suppression hearing on July 2, 2018, Docket No. 93, and issued a Report and Recommendation ("R&R") on August 21, 2018 recommending that the Court grant Defendants' Motions, Docket No. 96. The Government duly objected to the R&R, *see* Docket No. 106 at 4, and both Defendants replied, Docket Nos. 107; 108. After considering the Government's objections, and upon *de novo* review of the supporting arguments,[1] the Court hereby **ADOPTS** the Magistrate Judge's R&R and **GRANTS** Defendants' Motions to Suppress.

---

[1] In its objections, the Government takes a "shotgun" approach, opting for breadth and quantity in lieu of accuracy and careful reasoning. For example, the Government spends four (4) pages discussing the case law on standing to challenge a "search" when the Motions to Suppress focus on the vehicle stop and seizure of Defendants' person. *See* Docket No. 106 at 10-14. As such, the Court has taken the liberty of rephrasing some of the objections to present a coherent Memorandum and Order.

**1. Defendants' Standing to Challenge the Traffic Stop**

As a threshold matter, the Government contends that Defendants do not have standing to challenge the constitutionality of the traffic stop and consequent drug seizure absent any ownership or possessory interest in the vehicle or the cocaine packages. Docket No. 106 at 10-14. This argument lacks merit.

The Government should be aware that a traffic stop constitutes a "seizure" in Fourth Amendment terms, "even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *see also Whren v. United States*, 517 U.S. 806, 809-10 (1996); *United States v. Martínez-Fuerte*, 428 U.S. 543, 556 (1976); *United States v. Brignoni-Ponce*, 44 U.S. 873, 878 (1975); *United States v. Kimball*, 25 F.3d 1, 5 (1st Cir. 1994). It would also be wise for the Government to recall that police officers during a traffic stop seize everyone in the vehicle. *Brendlin v. California*, 551 U.S. 249, 255-56 (2007). Adding up both propositions, the result becomes obvious: drivers and passengers alike may challenge a traffic stop's constitutionality as an unlawful seizure of their person. *Id.* at 251-259. Defendants therefore have standing to seek suppression of the evidence obtained as the fruit of an unconstitutional seizure of their person following the police officers' unlawful traffic stop.

**2. The Lack of Reasonable Suspicion**

For its next objection, the Government insists on characterizing the traffic stop as "constitutionally proper" because the police officers had reasonable suspicion that Defendants had committed a traffic violation. Docket No. 106 at 18. This legal challenge turns on credibility determinations in the R&R—mainly, how "implausible" it seemed to the Magistrate Judge that the police officers "were able to observe the seatbelt-less driver from a distance, while the car was in motion, and through dark, tinted windows." Docket No. 96 at 8. The factual findings, credibility determinations, and legal conclusions relevant to this issue, however, enjoy adequate

support in the record, and the Government provides no new evidence to warrant second-guessing the Magistrate Judge. *See Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985) (holding that when findings are based on determinations regarding the credibility of witnesses, great deference is given to the trial court's findings). The Court therefore declines the invitation to double-down on a traffic stop it, too, considers unlawful.

3. The Suppression of Evidence

Finally, the Government maintains that the seized drugs are not subject to suppression because Negrón-Ortiz, by throwing away the packages on an adjacent field as he exited the vehicle, placed them in the police officers' plain view. Docket No. 106 at 23. This objection would have some merit had the Government shown (it does not) that Negrón-Ortiz's act was independent of the unlawful stop. *See Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (holding that evidence obtained as the result of an illegal seizure is inadmissible if "come at by exploitation of that illegality."). Yet the record makes it clear that Negrón-Ortiz immediately threw away the packages once the police officers stopped the vehicle without reasonable suspicion. *See* Docket No. 96 at 3-6. It follows that Defendants' act of abandonment was a direct product of the police officers' unlawful stop rather than a coincidental decision to discard the seized drugs. Accordingly, the Court suppresses the evidence in question as the fruit of the poisonous tree. *See Wong Sun*, 371 U.S. at 488 (holding that evidence that would not have been obtained but for an unlawful search or seizure must be excluded as "fruit of the poisonous tree").

In conclusion—and for the reasons stated above—the Court hereby **ADOPTS** the Magistrate Judge's R&R in its entirety, Docket No. 96, and, accordingly, **GRANTS** Defendants' Motions to Suppress, Docket Nos. 72, 73.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Friday, October 5, 2018.

S/ Jay A. Garcia-Gregory  
JAY A. GARCIA-GREGORY  
United States District Judge